UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARKIS MAXWELL,

    Applicant,

v.                                               CASE NO. 8:25-cv-1627-SDM-LSG

WARDEN, PINELLAS COUNTY JAIL,

    Respondent.
_____/

**<u>ORDER</u>**

Maxwell, a federal pretrial detainee, applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges both the district court's jurisdiction and the indictment pending in *United States v. Markis Maxwell*, 8:24-cr-5-TPB-AAS, in which he is charged with possession of a firearm or ammunition by a convicted felon. Maxwell cannot use an action under Section 2241 to challenge before trial the validity of an ongoing criminal prosecution. "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). *See also Riggins v. United States*, 199 U.S. 547, 551 (1905) (directing the circuit court to quash the writ of habeas corpus issued with respect to a writ . . . resulting from a federal indictment because there was "nothing in this record to disclose that there were any special circumstances which justified a

departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008)[1] (*per curiam*) (affirming dismissal of Section 2241 petition by federal pretrial detainee as premature because the claims — challenges to the district court's jurisdiction, the indictment, and the denial of speedy trial — were "properly brought during his criminal case and subsequent direct appeal"); *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120–21 (11th Cir. 2006) (*per curiam*) (affirming the district court's dismissal of claims in federal pretrial detainee's Section 2241 petition because said claims "were not properly brought pursuant to [2]8 U.S.C. § 2241, but should have been raised in his pending criminal case"). Other circuit courts agree. *See, e.g., Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial" and further stating "[i]f a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen"); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as [petitioner] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition."); *Williams v. Hackman*, 364 F. App'x. 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

criminal case.") (*citing Jones*, 245 U.S. at 391–92, and *Fassler v. United States*, 858 F.2d 1016, 1018–19 (5th Cir. 1988) (*per curiam*)).  Maxwell has not alleged an exceptional circumstance that justifies an exception to this general rule.

Maxwell's application (Doc. 1) under Section 2241 for the writ of habeas corpus is **DENIED**.  The clerk must enter a judgment against Maxwell and close this case.

ORDERED in Tampa, Florida, on June 30, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE